[Civ. No. 1860. First Appellate District.—September 14, 1916.]

## GEORGE HAUB, Respondent, v. H. P. COUSTETTE et al., Appellants.

CONTRACT—PLUMBING—ABANDONMENT BY OWNER—REMEDY.—Where a contract to furnish and install the plumbing in a building is abandoned by the owner before completion, the contractor is entitled to recover the reasonable value of the materials furnished and the work performed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

James F. Brennan, for Appellants.

Fabius T. Finch, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff in an action to recover for certain plumbing materials and for work and labor done and performed by the plaintiff.

Just prior to the opening of the Panama-Pacific International Exposition the defendants, owners of a lot of land near one of its principal entrances, let contracts for the erection of three small stores on their lot. One of those contracts was with the plaintiff, under the terms of which he was to furnish and install the plumbing in said building for a specified sum. Shortly after the opening of the Exposition the defendants, having probably discovered that the improvement of their property no longer promised the profitable investment they had anticipated, discontinued the construction of the stores. The plaintiff had proceeded with the performance of his contract, but certain parts of his work could not be performed until the building had progressed to a certain stage; for example, the toilets could not be installed until the floor had been laid on which they were to rest, and the sinks could not be placed in position until the wainscoting on which they were to hang was ready to receive them. The plaintiff on several occasions indicated to the defendants that

he was ready and willing to proceed with and finish his work, and the latter on at least one occasion informed him that they were going to do nothing further with the building. It is plain, according to the testimony accepted by the court, that the defendants had abandoned the construction of the stores. Under these circumstances the court was warranted in finding and deciding, as it did, that plaintiff was entitled to recover the reasonable value of the materials furnished and the work performed. The court found that the reasonable value of the work unperformed called for by the contract was $55, and directed that this amount be deducted from the contract price, and judgment for the balance was accordingly entered in plaintiff's favor.

Such judgment appears to us to be just and legal. The defendants having delayed and prevented the plaintiff from completing his contract, the latter was entitled to recover the reasonable value of the work done. (*McConnell* v. *Corona City Water Co.*, 149 Cal. 60, [8 L. R. A. (N. S.) 1171, 85 Pac. 929].) In *Carlson* v. *Sheehan*, 157 Cal. 692, 696, [109 Pac. 29], the court said: ''Where a person agrees to do a thing for another for a specified sum of money to be paid on full performance, he is not entitled to any part of the sum until he has himself done the thing he agreed to do, unless full performance has been delayed, prevented or excused by the act of the other party, or by operation of law, or by the act of God or the public enemy, as specified in section 1511 of the Civil Code. If performance is prevented by the party who is to make such payment, the person doing the things is entitled to payment as for full performance. (Civ. Code, sec. 1512.) And if one party breaks an intermediate covenant of an executory agreement, the other party may treat the entire contract as rescinded and recover in *quantum meruit* for the value of the work he has done under it. (*Cox* v. *McLaughlin*, 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100].) ''

The defendants contend that there is a variance in the findings on the second and third counts, but no pains have been taken to point out the asserted inconsistency, and an examination of the record fails to reveal any merit in such contention.

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.